UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY KITTERMAN,<br><br>       Plaintiff,<br><br>   v.<br><br>JERMEL THOMAS,<br><br>       Defendant. | Case No. 16-cv-04058-SI<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

On August 3, 2016, Magistrate Judge Laporte granted *pro se* plaintiff Michael Kitterman's application to proceed *in forma pauperis*. Dkt. No. 5. On August 24, 2016, prior to ordering service of process, Judge Laporte issued a report and recommendation (the "Report") in this case, recommending that the Court dismiss Plaintiff's complaint in its entirety, with leave to amend only as to plaintiff's claims under 42 U.S.C. §§ 1983 and 1985. Dkt. No. 10. The Court adopted Judge Laporte's Report on September 9, 2016. Dkt. No. 12. Plaintiff timely filed an Amended Complaint, Dkt. No. 13, which is now before the Court for review pursuant to 28 U.S.C. § 1915.

**BACKGROUND**

The Antioch Police Department seized Plaintiff Michael Kitterman's personal computer on August 22, 2013, and the police continued to hold his computer while they "were investigating Plaintiff's sister who was arrested for drug sales." Am. Compl. (Dkt. No. 13) at 4. Defendant Jermel Thomas, a public defender, represented Plaintiff in the related state court criminal case in Contra Costa County. *Id.* at 3. Defendant argued "in a Motion to Traverse and Quash Document" filed in Plaintiff's state criminal case "that there was never a showing of probable cause for suspicion of her client Michael Kitterman, the Plaintiff, and that police had illegally seized the

1  computer in question and other property owned by the Plaintiff." *Id.* at 4.

2  "[I]n the midst of plea bargain negotiations," on June 12, 2015, Plaintiff emailed Defendant and asked whether the district attorney had agreed to return his personal computer upon a guilty plea. *Id.* at 3-4. Defendant "informed . . . Plaintiff several days later that she had 'ordered' the police to search his computer and the police had decided that the computer would not be returned . . . ." *Id.* at 4. The search took place after Plaintiff met with Defendant and she "questioned [him] regarding the existence of any information on the seized computer that . . . Plaintiff might be able to use for criminal activity." *Id.* Defendant "initiated the search without seeking the consent of the Plaintiff[,] . . . without [his] knowledge," and the search was of no value to his defense. *Id.* at 5. Defendant "ordered" officers to conduct the search "without judicial authority or a valid search warrant." *Id.*

**LEGAL STANDARD**

When a plaintiff is proceeding *in forma pauperis*, the court may screen the complaint and dismiss the action where the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal on these grounds often occurs prior to the issuance of process, "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Id.* at 325.

In order to state a claim upon which relief can be granted, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. In deciding whether plaintiff has stated a claim upon which relief can be granted, the court must assume that plaintiff's allegations are true and must draw all reasonable

inferences in plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

*Pro se* pleadings must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [our obligation is] to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."). "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)). When dismissing a *pro se* complaint with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar*, 698 F.3d at 1212 (citations omitted).

## DISCUSSION

As an initial matter, the Court notes that the order dismissing Plaintiff's complaint did so with prejudice as to Plaintiff's claims under 18 U.S.C. § 242 and 5 U.S.C. § 552(b)(6). Dkt. Nos. 10, 12. Accordingly, the Court hereby STRIKES the 18 U.S.C. § 242 and 5 U.S.C. § 552(b)(6) claims in Plaintiff's Amended Complaint. The Court will focus its discussion on Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985.

### I. 42 U.S.C. § 1983

Plaintiff alleges that Defendant, his attorney in a prior state court criminal case, ordered "the Antioch police . . . to conduct a search of [his] computer in violation of federal law" during those state criminal proceedings. Am. Compl. (Dkt. No. 13) at 6. Plaintiff further alleges that Defendant conspired with Antioch Police to deprive him of his constitutional rights under the Fourth Amendment, in violation of 42 U.S.C § 1983. *See id.* at 5-6.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) violation of a right secured by the Constitution and laws of the United States, and (2) that the

3

violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Plaintiff has alleged that Defendant ordered police to search his computer without a warrant and without his consent in violation of the Fourth Amendment. As such, the Court's analysis focuses on the second element; namely, whether Plaintiff has alleged sufficient facts to state a plausible claim that Defendant was acting under color of state law.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and is therefore not subject to suit under section 1983 based on actions performed in this capacity. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Even if a public defender was negligent in her representation of a defendant, the public defender is not liable under section 1983. *See Miranda v. Clark Cnty., Nev.*, 319. F.3d 465, 468 (9th Cir. 2003) (en banc) (holding state public defender, although grossly deficient in performing traditional lawyer functions, was not state actor subject to liability under section 1983).

However, public defenders are not immune from liability under section 1983 for certain intentional misconduct, such as conspiring with prosecutors to wrongfully convict a defendant. *See Tower v. Glover*, 467 U.S. 914, 923 (1984); *see also Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) ("A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor."). To state a claim for conspiracy to violate one's constitutional rights under section 1983, a plaintiff must allege "specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992). To prove a conspiracy, the plaintiff "must show an agreement or meeting of the minds to violate constitutional rights." *Franklin*, 312 F.3d at 441 (citations and internal quotation marks omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989)).

Plaintiff alleges that Defendant conspired with Antioch Police in executing an unlawful search of his personal computer nearly two years after police seized the computer. Plaintiff

alleges that Defendant willfully participated in this violation of Plaintiff's rights because Defendant "ordered" the purportedly unlawful search.

Viewing the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a facially plausible claim for relief under 42 U.S.C. § 1983. From the allegations in Plaintiff's complaint, it is unclear whether Defendant ordered the search of Plaintiff's computer in the course of performing traditional lawyer functions. *See Polk Cnty.*, 454 U.S. at 325. Plaintiff fails to allege any facts showing an agreement or meeting of the minds between Defendant and police in conducting the unlawful search, or the existence of a common conspiratorial objective. Plaintiff's allegations as to the existence of a conspiracy are merely conclusory. Accordingly, Plaintiff's claim under 42 U.S.C. § 1983 is DISMISSED, with leave to amend.

If Plaintiff chooses to file a second amended complaint, he must allege additional facts, to the extent he is able, describing his state court criminal proceeding, the seizure and subsequent search of his personal computer during the state court proceeding, and facts demonstrating a conspiracy between police and Defendant to conduct the unlawful search that forms the basis of Plaintiff's complaint.

## II.     42 U.S.C. § 1985

Plaintiff fails to state a claim under 42 U.S.C. § 1985. Section 1985 proscribes conspiracies to interfere with or intimidate public officials, jurors, or voters, and conspiracies to deprive certain persons of equal protection rights. *See* 42 U.S.C. § 1985. Plaintiff alleges no such conspiracy or violation of his rights and his claim in this regard is frivolous. *Neitzke*, 490 U.S. at 325. The Court finds that permitting amendment as to Plaintiff's section 1985 claim would be futile and, accordingly, DISMISSES this claim with prejudice.

## CONCLUSION

The Court finds that Plaintiff has failed to adequately plead his claims under 42 U.S.C. §§ 1983 and 1985. Plaintiff's claim under 42 U.S.C. § 1983 is hereby DISMISSED, with leave to

1  amend.  Amendment of Plaintiff's 42 U.S.C. § 1985 claim would be futile and, therefore, this
2  claim is DISMISSED with prejudice.
3  **If he wishes to amend his complaint in accordance with this order, Plaintiff must file**
4  **his second amended complaint <u>no later than October 21, 2016</u>.**

6  **IT IS SO ORDERED**.
7  Dated:  October 3, 2016

  SUSAN ILLSTON
  United States District Judge