1
2
3
4                          UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    MICHAEL RAY KITTERMAN,                    Case No.  16-cv-04058-SI
            Plaintiff,
8
9        v.                                    **ORDER DISMISSING SECOND
                                               AMENDED COMPLAINT**
10   JERMEL THOMAS,
            Defendant.                         Re: Dkt. No. 15
11
12
13          *Pro se* plaintiff Michael Kitterman filed this action on July 19, 2016 and proceeds *in forma*
14   *pauperis*.  *See* Dkt. Nos. 1, 5.  Now before the Court is plaintiff's Second Amended Complaint,
15   Dkt. No. 15, which the Court reviews prior to ordering service of process pursuant to 28 U.S.C.
16   § 1915.  For the reasons set forth below, the Court hereby DISMISSES this action, with prejudice.
17
18                                  **BACKGROUND**
19          In his Second Amended Complaint ("SAC"), Dkt. No. 15, plaintiff has removed nearly all
20   factual allegations and replaced them with legal argument.  Because the SAC is virtually devoid of
21   facts, and only for the purposes of this order, the Court will set forth the factual allegations from
22   plaintiff's First Amended Complaint.
23          The Antioch Police Department seized plaintiff Michael Kitterman's personal computer on
24   August 22, 2013, and the police continued to hold his computer while they "were investigating
25   Plaintiff's sister who was arrested for drug sales."  Am. Compl. (Dkt. No. 13) at 4.  Defendant
26   Jermel Thomas, a public defender, represented plaintiff in the related state court criminal case in
27   Contra Costa County.  *Id.* at 3.  Defendant argued "in a Motion to Traverse and Quash Document"
28   filed in plaintiff's state criminal case "that there was never a showing of probable cause for

United States District Court
Northern District of California

suspicion of her client Michael Kitterman, the Plaintiff, and that police had illegally seized the computer in question and other property owned by the Plaintiff." *Id.* at 4.

"[I]n the midst of plea bargain negotiations," on June 12, 2015, plaintiff emailed defendant and asked whether the district attorney had agreed to return his personal computer upon a guilty plea. *Id.* at 3-4. Defendant "informed . . . Plaintiff several days later that she had 'ordered' the police to search his computer and the police had decided that the computer would not be returned . . . ." *Id.* at 4. The search took place after plaintiff met with defendant and she "questioned [him] regarding the existence of any information on the seized computer that . . . Plaintiff might be able to use for criminal activity." *Id.* Defendant "initiated the search without seeking the consent of the Plaintiff[,] . . . without [his] knowledge," and the search was of no value to his defense. *Id.* at 5. Defendant "ordered" officers to conduct the search "without judicial authority or a valid search warrant." *Id.*

In the Order Dismissing Plaintiff's Amended Complaint, the Court stated that plaintiff must plead additional facts "to the extent he is able, describing his state court criminal proceeding, the seizure and subsequent search of his personal computer during the state court proceeding, and facts demonstrating a conspiracy between police and Defendant to conduct the unlawful search . . . ." Order on Am. Compl. (Dkt. No. 14) at 5. Because plaintiff has not done so, and for the reasons set forth in this order, plaintiff's complaint is DISMISSED, with prejudice.

## LEGAL STANDARD

When a plaintiff is proceeding *in forma pauperis*, the court may screen the complaint and dismiss the action where the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal on these grounds often occurs prior to the issuance of process, "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Id.* at 325.

In order to state a claim upon which relief can be granted, a plaintiff must allege "enough

United States District Court
Northern District of California

United States District Court
Northern District of California

1    facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

2    544, 570 (2007). This "facial plausibility" standard requires plaintiff to allege facts that add up to

3    "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.

4    662, 678 (2009). While courts do not require "heightened fact pleading of specifics," plaintiff

5    must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550

6    U.S. at 555, 570. In deciding whether plaintiff has stated a claim upon which relief can be

7    granted, the court must assume that plaintiff's allegations are true and must draw all reasonable

8    inferences in plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.

9    1987).

10    *Pro se* pleadings must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

11    Cir. 2010) (citations omitted) ("[W]here the petitioner is *pro se*, particularly in civil rights cases,

12    [our obligation is] to construe the pleadings liberally and to afford the petitioner the benefit of any

13    doubt."). "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it

14    is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"

15    *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d

16    1202, 1203-04 (9th Cir. 1988) (per curiam)).

17

18                                                **DISCUSSION**

19    The Court permitted plaintiff to amend his allegations as to a single cause of action under

20    42 U.S.C. § 1983, for the alleged violation of plaintiff's Fourth Amendment rights. *See* Order on

21    Am. Compl. (Dkt. No. 14). Plaintiff's claims under 42 U.S.C § 1985, 18 U.S.C. § 242, and

22    5 U.S.C. § 552(b)(6) will be disregarded, as the Court previously dismissed these claims with

23    prejudice. *See id.*; Order Adopting Report and Recommendation (Dkt. Nos. 10, 12). Plaintiff

24    alleges that defendant, his attorney in a prior state court criminal case, conspired with "at least one

25    police officer of the Antioch Police Department" to conduct an unlawful search of plaintiff's

26    personal computer. SAC (Dkt. No. 15) at 3.

27    In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

28    (1) violation of a right secured by the Constitution and laws of the United States, and (2) that the

                                                        3

violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  Plaintiff has alleged that defendant ordered police to search his computer without a warrant and without his consent in violation of the Fourth Amendment.  As such, the Court's analysis focuses on the second element; namely, whether plaintiff has alleged sufficient facts to state a plausible claim that defendant was acting under color of state law.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and is therefore not subject to suit under section 1983 based on actions performed in this capacity.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  Even if a public defender was negligent in her representation of a defendant, the public defender is not liable under section 1983.  *See Miranda v. Clark Cnty., Nev.*, 319. F.3d 465, 468 (9th Cir. 2003) (en banc) (holding state public defender, although grossly deficient in performing traditional lawyer functions, was not state actor subject to liability under section 1983).

Public defenders are not immune from liability under section 1983, however, for certain intentional misconduct, such as conspiring with prosecutors to wrongfully convict a defendant.  *See Tower v. Glover*, 467 U.S. 914, 923 (1984); *see also Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) ("A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor.").  To state a claim for conspiracy to violate one's constitutional rights under section 1983, a plaintiff must allege "specific facts to support the existence of the claimed conspiracy."  *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992).  To prove a conspiracy, the plaintiff "must show an agreement or meeting of the minds to violate constitutional rights."  *Franklin*, 312 F.3d at 441 (citations and internal quotation marks omitted).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989)).

Plaintiff asserts that his attorney conspired with the police to order an unlawful search of his computer.  In support of his conspiracy allegation, plaintiff essentially argues that there must

United States District Court
Northern District of California

have been a meeting of the minds, because without defendant and the Antioch Police sharing a common objective, a search never would have occurred. *See* SAC (Dkt. No. 15) at 4. "As such," alleges plaintiff, "it is fairly reasonable to presume that [defendant] and the officer who performed the search [of plaintiff's computer] had engaged in a meeting of the minds." *Id.* Such conclusory allegations are not sufficient to state a claim in federal court where, in order to state a facially plausible claim for relief, a plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Plaintiff has now had three attempts to plead facts stating a cause of action against defendant. In plaintiff's Second Amended Complaint, he has removed virtually all factual allegations contained in previous complaints. While not immediately clear, plaintiff's suit appears to arise out of what he views was defendant's ineffective representation,[1] rather than a conspiracy with Antioch Police to violate plaintiff's constitutional rights. Plaintiff alleges no specific facts demonstrating that defendant conspired with the police, only that defendant failed to properly contest the search in court and that plaintiff did not consent to the search. *See* SAC (Dkt. No. 15) at 6-7.

Plaintiff has failed to state a legally cognizable claim under section 1983. The Court remains mindful that plaintiff is unrepresented in this matter. After multiple attempts, however, plaintiff alleges fewer facts and more unsubstantiated legal conclusions. At this stage, the Court is convinced that the deficiencies of plaintiff's complaint cannot be cured by amendment. Accordingly, plaintiff's complaint is DISMISSED, with prejudice.

/ / / / /

/ / / / /

---

[1] Some of plaintiff's allegations in this case appear to be based in negligence or ineffective representation. *See* SAC (Dkt. No. 15) at 9-10. Plaintiff cannot state a claim against his defense attorney for negligent representation under section 1983. *See Miranda*, 319 F.3d at 468.

5

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, plaintiff's complaint is hereby DISMISSED, with prejudice.

**IT IS SO ORDERED**.

Dated: November 21, 2016

_____
SUSAN ILLSTON
United States District Judge

6